**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

   v.            Criminal Action No. 2:13cr33

**LINDSEY PARKER ROY,**
   **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

  This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Lindsey Parker Roy, in person and by counsel, Deirdre H. Purdy, appeared before me on October 8, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

  The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Eight of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

  The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate

Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Lindsey Parker Roy, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Court inquired as to whether the current agreement was the only offer made to Defendant, to which both counsel replied that it was.

The undersigned then reviewed with Defendant Count Eight of the Indictment and the elements the government would have to prove, charging him with possession of pseudoephedrine to be used in the manufacture of methamphetamine, in violation of Title 21, U.S.C. Section 841(c)(2).

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Eight of the Indictment, the impact of the non-binding sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20)

years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his conditional waiver of appellate rights as follows:

Ct: Did you discuss with Ms. Purdy and do you understand from that discussion that under Title 18, United States Code section 3742, you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals provided you give notice of intent to appeal within 14 days of

Def: Yes, sir.

Ct: Did you also discuss with Ms. Purdy and do you understand from that discussion that under Title 28, United States Code section 2255, you may collaterally attack or challenge your sentence and how that sentence is calculated and being carried out by filing what is commonly referred to as a writ of habeas corpus motion?

Def: Yes, sir.

Ct: Do you understand that if the United States District Judge enters an actual sentence which is the same as or equal to a guideline calculated sentence which has a total offense level of 26 or lower you give up your right to directly appeal that sentence to the Fourth Circuit

Ct: Court of Appeals and you give up your right to collaterally attach or challenge that sentence, how it was calculated, and being carried out?

Def: Yes, sir.

Ct: Is that what you intended to do by signing the written plea agreement with paragraph 14 in it?

Def: Yes, sir.

Ct: Did you completely understand paragraph 14 when you signed the agreement on October 1st of this year?

Def: Yes, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea bargain agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Eight

4

of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Eight of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to an actual sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The Court also advised Defendant regarding the United States' agreement to recommend that the Court's sentencing Order include a recommendation that Defendant participate in the Bureau of Prisons RDAP. The Court advised that even if the United States did make that recommendation, the Court was not bound to follow it, and that even if the Court did make that recommendation the Bureau of Prisons was not bound to follow that recommendation. Defendant acknowledged his understanding and maintained his desire to have his plea of guilty accepted.

Defendant understood that the parties had both agreed that the method of manufacturing methamphetamine in this case was the "shake and bake" method, and that this method is highly dangerous and many of the chemicals involved, if not carefully stored, are toxic, inherently

dangerous, highly flammable, and pose a serious risk to those who inhale them. The parties did not agree, however, whether the facts of the instant case are extraordinary enough to trigger the application of the "risk" enhancement in Guideline 2D1.1(b)(13). Defendant understood that this argument would be resolved by the District Judge, and understood that if the District Judge agreed with the United States, he would not be permitted to withdraw his guilty plea.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence within the statutory maximum than he expected, he would not have a right to withdraw his guilty plea. Defendant stated that no one, including his attorney had promised him a specific sentence. If the District Judge sentenced him to a sentence higher than he had been promised or had otherwise expected, he still would not be permitted to withdraw his guilty plea. Defendant further understood there was no parole in the federal system. He indicated he understood that, although he may be able to earn institutional good time, such good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Lindsey Parker Roy, with the consent of his counsel, Deirdre H. Purdy, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Eight of the Indictment.

The Court heard the testimony of United States Forest Service Special Agent Gene Smithson, who recognized Defendant in Court. He testified that he investigated Defendant. Two confidential witnesses gave him information that Michael Johnson had been cooking methamphetamine. SA Smithson interviewed Johnson in the regional jail. He admitted he had manufactured

methamphetamine, and named people who had supplied him with pseudoephedrine to make meth. One of those people was Defendant. SA Smithson reviewed the NPLEX database for pseudoephedrine purchases by Defendant. He found Defendant had purchased pseudoephedrine on six occasions. He spoke with Defendant, who admitted he had supplied pseudoephedrine to manufacture methamphetamine. SA Smithson showed Defendant the NPLEX log and Defendant initialed the purchases of pseudoephedrine that were for the purpose of making meth. One of the purchases he initialed was made on November 29, 2012, at the Rite-Aid in Elkins, West Virginia.

Defendant stated he heard, understood, and agreed with Special Agent Smithson's testimony. The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Eight of the Indictment is supported by the testimony of Special Agent Smithson.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Eight of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed; Defendant made a knowing and voluntary plea of guilty to Count Eight of the Indictment; and Defendant's plea is independently supported by the testimony of Special Agent Smithson, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Eight of the Indictment and recommends he be adjudged guilty on said charge as contained in Count Eight of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

It is so **ORDERED.**

DATED: 10 October 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE